# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. STEWARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GUITEREZ, et al.,<br><br>　　　　Defendants. | 1:18-cv-00462-GSA-PC<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(ECF No. 1.)**<br><br>**30 DAY DEADLINE TO RESPOND** |

　　　　Plaintiff, Robert M. Steward, is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 5, 2018. (ECF No. 1.)

　　　　In his Complaint, Plaintiff indicates that he did not take any steps to exhaust his administrative remedies at the prison because of "[a] Jury finding of not guilty." (ECF No. 1 at 3 ¶5.) Plaintiff asserts that there are no grievance procedures available at his institution, that he did not submit a request for administrative relief, and that he did not appeal his request for relief to the highest level. (Id.)

　　　　Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion

is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741. From the face of Plaintiff's Complaint, it appears clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)). Therefore, Plaintiff shall be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

## **ORDER TO SHOW CAUSE**

In light of the foregoing analysis, Plaintiff is HEREBY ORDERED to respond in writing to this order, within **thirty (30) days** of the date of service of this order, showing cause why this case should not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit. **Failure to respond to this order may result in the dismissal of this case.**

IT IS SO ORDERED.

Dated: **April 11, 2018**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE