# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. STEWARD, <br><br> Plaintiff, <br><br> v. <br><br> GUITERAY, et al., <br><br> Defendants. | 1:18-cv-00462-LJO-GSA-PC <br><br> **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO EXHAUST REMEDIES** <br> **(ECF No. 1.)** <br><br> **OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

**I.    BACKGROUND**

Plaintiff, Robert M. Steward, is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 5, 2018.  (ECF No. 1.)

In the Complaint, Plaintiff indicates that he did not take any steps to exhaust his administrative remedies at the prison because of "[a] Jury finding of not guilty." (ECF No. 1 at 3 ¶5.) Plaintiff asserts that there are no grievance procedures available at his institution, that he did not submit a request for administrative relief, and that he did not appeal his request for relief to the highest level. (Id.)

On April 11, 2018, the court issued an order to show cause, requiring Plaintiff to show cause why this case should not be dismissed based on his representation in the Complaint that he did not exhaust his administrative remedies. (ECF No. 8.)

On April 23, 2018, and April 27, 2018, Plaintiff filed responses to the court's order to show cause. (ECF Nos. 9, 10.) In his responses, Plaintiff contends that he is not required to exhaust his administrative remedies because "a California Superior Court's jury verdict supercedes and or renders prison administrative remedies and its relief obsolete [and] thus exhaustion of all prison administrative relief pertaining to this civil matter are met." (ECF Nos. 9 at 1; 10 at 1.)

## II.     EXHAUSTION OF REMEDIES

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014). When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir.

2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available); Marella v. Terhune, 568 F.3d 1024 (9th Cir. 2009) (excusing an inmate's failure to exhaust because he did not have access to the necessary grievance forms to timely file his grievance).

In the rare event that a failure to exhaust is clear from the face of the complaint, the court may dismiss *sua sponte*. Bock, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."); see also Salas v. Tillman, 162 Fed.App'x. 918 (11th Cir. 2006) (*sua sponte* dismissal of prisoner's civil rights claims for failure to exhaust was not abuse of discretion; prisoner did not dispute that he timely failed to pursue his administrative remedies, and a continuance would not permit exhaustion because any grievance would be untimely).

## III. DISCUSSION

Plaintiff's response to the court's order to show cause follows:

> In response to the order to show cause 1:18-cv-00462-GSA-PC a California Superior Court's jury verdict supercedes and or renders prison administrative remedies and its relief obsolete, thus exhaustion of all prison administrative relief pertaining to this civil matter are met.

(ECF Nos. 9 at 1; 10 at 1.) In his Complaint, Plaintiff's brings claims for excessive force under 42 U.S.C. § 1983 against prison correctional officers based on a cell extraction at the California Correctional Institution in Tehachapi, California, when Plaintiff was housed there. Plaintiff asserts in the Complaint that he did not submit or appeal a request for administrative relief at any level because of "a jury finding of not guilty." (ECF No. 1 at 3 ¶5.)

Plaintiff has not explained how a jury verdict caused the appeals process to be unavailable to him. Based on Plaintiff's statements, the court concludes that Plaintiff was required to exhaust his administrative remedies before filing this suit, but failed to do so.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court finds that Plaintiff failed to exhaust his administrative remedies before filing suit, pursuant to the Prison Litigation Reform Act of 1995, and failed to

///

show that the exhaustion process was somehow unavailable to him. Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, without prejudice, for Plaintiff's failure to exhaust his available administrative remedies before filing suit; and
2. The Clerk be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __May 22, 2018__    /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE